UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY ANTHONY ROGERS,

    Plaintiff,

    v.

D. SMITH AND L. O'CONNER,

    Defendants.
_____/

Case No. 2:20-cv-12086

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER OF DISMISSAL AND DENYING AS MOOT PLAINITIFF'S MOTION FOR EXTENSION OF TIME TO PURSUE CASE *IN FORMA PAUPERIS* [#4]**

### I. INTRODUCTION

Presently before the Court is Terry Anthony Rogers' ("Plaintiff") *pro se* civil rights Complaint filed under 42 U.S.C. § 1983. ECF No. 1. Plaintiff is currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. He names two Michigan Department of Corrections' employees in his Complaint: D. Smith and L. O'Connor (together, "Defendants"). Plaintiff, who is proceeding *in forma pauperis*, alleges that Defendants violated his rights under the Fourteenth Amendment and under House Bill 5377. He seeks monetary relief for these alleged violations. For the reasons that follow, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

## II. BACKGROUND

Plaintiff's Complaint raises claims related to his participation in and ultimate termination from a Domestic Violence Prevention ("DVP") program within the Cooper Street Correctional Facility. Defendants each served as facilitators for this program. ECF No. 1, PageID.1–2. Plaintiff was referred to the DVP program based upon a report that he assaulted his ex-wife prior to his incarceration for an unrelated offense. *Id.* at 6.

Plaintiff claims that Defendants improperly terminated him from the DVP program based upon his religious beliefs. He bases his Complaint on the following allegations:

- I answered questions with truthful prudent answers and by my faith that my Higher power gives me as a direct grievance from the Holy Spirit that lives inside my spirit soul.

- I was directed by L. O'Conner and D. Smith not to use my faith and Higher power for answers.

*Id.* at 4.

Plaintiff filed a copy of a final report issued upon his termination from the DVP program. *Id.* at 6–9. The report characterizes Plaintiff's participation in the group as "sporadic" and "not honest." *Id.* at 7. When Plaintiff did participate, he did not do so in a "productive manner." *Id.* The report further stated:

> Mr. Rogers would read program material during cognitive sessions when he shared his homework, his responses were robotic and off topic. ... Mr. Rogers continuously repeated the same responses in his program journals to different questions. Examples of these responses are "read the Bible, have faith in God my higher power to see through issues I may encounter, I have faith and know that I am forgiven by God and my character defects are taken away at some point, Bible study, read the Bible, I feel content and at peace with myself, Being open minded willing to accept change for the better safe and truth of this program and myself."

*Id.*

Plaintiff was terminated from the program on February 25, 2020. *Id.*

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it

3

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Here, Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.[1]  Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978). A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

---

[1] **Error! Main Document Only.**Rogers has filed a motion for extension of time to pursue his case *in forma pauperis*.  ECF No. 4.  The Court has granted Plaintiff leave to proceed *in forma pauperis* and will dismiss the motion as moot.  *See* ECF No. 6.

### IV. DISCUSSION

Plaintiff alleges that Defendants violated his rights under the Fourteenth Amendment[2] and House Bill 5377[3] by terminating him from the DVP program. He appears to argue that termination from this program negatively impacted the potential for his release on parole.

There is no right under the United States Constitution for a person lawfully convicted to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Michael v. Ghee*, 498 F.3d 372, 377–78 (6th Cir. 2007) (holding there is no federal constitutional right to parole). A claim of entitlement to parole "can be

---

[2] **Error! Main Document Only.**Plaintiff asserts that Defendants violated his Fourteenth Amendment rights, but he does not specify whether he is referring to his right to due process or his right to equal protection. Based upon the allegations in the complaint, the Court understands the Complaint to raise a due process claim. Even if Plaintiff intended to assert an equal protection claim, this claim is meritless. The threshold element of an equal protection claim is disparate treatment. *See Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). Here, Plaintiff fails to identify in any manner any other individuals who were treated differently from him. Thus, he fails to state an equal protection claim.

[3] **Error! Main Document Only.**House Bill 5377 amended Michigan's parole guidelines to aid the Michigan Parole Board with making objective, evidence-based parole decisions. *See* 2018 Mich. Legis. Serv. P.A. 339, eff. Dec. 12, 2018 (H.B. 5377).

created only by the operation of state law." *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011). A state has no constitutional duty to establish a parole system, and the establishment of a parole system does not, by itself, give rise to a constitutionally-protected liberty interest in parole. *Greenholtz*, 442 U.S. at 7, 11. Rather, a protected liberty interest exists only if state law entitles a prisoner to release on parole.

Michigan law does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc). Nor does the failure to grant a Michigan prisoner a parole interview during the parole review process implicate federal due process. *See Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014) (affirming district court's dismissal of due process claim arising from Michigan Parole Board's actions in sending the prisoner an interview notice, but not conducting the interview or explaining why it was not held, because the prisoner had no liberty interest in parole). A prisoner's participation or non-participation in a prison program may affect the prisoner's chances for parole. Mich. Comp. Laws § 791.233e. Even so, a prisoner has no protected liberty interest in prison programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (finding that the Due Process Clause is not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to

6

rehabilitation, education, or jobs). Because Plaintiff does not have a liberty interest in participating in the DVP program, he was not deprived of due process.

Finally, to the extent that Plaintiff alleges that Defendants violated his First Amendment right to freely practice his religion, the Court concludes that his claim is meritless. "Inmates clearly retain protections afforded by the First Amendment[.]" *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). To show that his First Amendment right to freely exercise his religion was violated, Plaintiff must show: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) Defendants' behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987).

Plaintiff's general lack of cooperation resulted in his termination from the DVP program. He fails to allege how either Defendant allegedly placed restraints upon his ability to practice his religion. Thus, Plaintiff fails to state a claim upon which relief may be granted.

### V. CONCLUSION

For the reasons articulated above, Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

7

**IT IS FURTHER ORDERED** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could be taken in good faith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (ECF No. 4) is **DENIED AS MOOT.**

**SO ORDERED.**

Dated:  October 13, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

A Copy of this Order was served on Terry Anthony Rogers, No. 171012, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, Michigan 49201 on October 13, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk